# VAN ARSDALE-OSBORNE BROKERAGE CO. v. WILSON et al.

## No. 4364. Opinion Filed April 27, 1915.

### (148 Pac. 686.)

INSURANCE—Brokers—Solicitor's Contract—Repayment of Commission on Canceled Policies. Where an agent for a brokerage company enters into a solicitor's contract and agrees therein that the

company may charge back to said solicitor, and said solicitor shall be liable for all commissions paid him on canceled policies written by or through him or his predecessors, held, that the solicitor and his surety are only liable for commission paid to the solicitor under the terms of the contract.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Grant County;*

*J. W. Bird, Judge.*

Action by the Van Arsdale-Osborne Brokerage Company, a corporation, against J. E. Wilson and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*E. L. Foulke* and *C. A. Matson* and *F. G. Walling,* for plaintiff in error.

*Sam P. Ridings,* for defendants in error.

RITTENHOUSE, C. In the year 1909, one S. C. Chism was the agent of the Van Arsdale-Osborne Brokerage Company, in Grant county, for the purpose of soliciting and writing fire insurance. On October 7, 1910, J. E. Wilson entered into a solicitor's contract with the Van Arsdale-Osborne Brokerage Company, and gave a bond signed by himself and A. L. Young, wherein it was agreed that he would faithfully carry out the terms of said contract. The contract provided that in all cases where notes were taken by the solicitor for insurance, and said notes remained unpaid for six months after due, the commissions advanced by said company should be refunded by said solicitor. It further provided that the company should charge back to said solicitor and said solicitor should be liable for all commissions paid him on canceled policies written through him or his predecessors.

At the trial of the action a stipulation was entered into between the parties, in which it was agreed that none of the amounts claimed by the company in this action were paid to J. E. Wilson, but that each and every item so sued for was paid to his predecessor, S. C. Chism, while he was agent for the company.

It is contended that J. E. Wilson was, by the terms of this contract, to stand good to the company and reimburse the company for all commissions paid to him and his predecessors on the notes which were taken by him or his predecessors that were not paid as provided in the agency contract, and also on canceled policies, where the solicitor and his predecessors received their commissions in cash. This contract, which we are asked to construe in this manner, is neither indefinite nor uncertain. It provides that the company may charge back to the solicitor, and said solicitor shall be liable for all commissions paid him on canceled policies written by or through him or his predecessors. The stipulation absolutely precludes the plaintiff from a recovery in this case.

What commissions have been paid to J. E. Wilson? It is agreed that he did not receive any, but that they were paid to his predecessor. The pivotal point on which this case turns is: ' whom was the commission paid? If to Chism, then the company must look to him for a refund; if to Wilson, then he is liable under his contract. The only instance in which Wilson would be liable would be where commissions were paid directly to him on business written either by himself or by his predecessor. The stipulation settles the question, in so far as Wilson and his surety are concerned.

The case should therefore be affirmed.

By the Court: It is so ordered.